

MINUTE ENTRY
AFRICK, M.J.
September 6, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDGAR F. MCCRORY, III                    CIVIL ACTION

VERSUS                                    NO: 00-0171

SEACOR MARINE, INC.                       SECTION: "L"(3)

On January 19, 2000, plaintiff, Edgar F. McCrory, III, filed his original complaint alleging Jones Act and general maritime law jurisdiction. Although plaintiff does not assert this Court's diversity jurisdiction, the complaint sets forth that plaintiff is a domiciliary of Mississippi and that defendant, Seacor Marine, Inc., is a foreign corporation, authorized to do and doing business in Louisiana. Plaintiff contends that the injuries he sustained while working aboard the M/V Seacor Energy resulted in damages of $1,500,000 and his complaint demands a trial by jury.

On March 8, 2000, defendant answered the complaint, but it did not request a jury trial. On April 6, 2000, a preliminary conference was held and a jury trial was scheduled for February 12, 2000. On June 7, 2000, the deadline for filing amended

DATE OF ENTRY
SEP 0 7 2000



pleadings was extended an additional sixty (60) days.

On August 3, 2000, plaintiff filed a motion to file a first amended complaint. The amended complaint designates this proceeding as an admiralty and maritime claim pursuant to Federal Rule of Civil Procedure 9(h) and it withdraws plaintiff's previous request for a jury trial.[1] Defendant opposes the motion, arguing that it has not agreed to the removal of this case from the Court's jury docket and that Fed. R. Civ. P. 39(a) precludes plaintiff from removing the jury demand without the consent of the parties. Before this Court is plaintiff's motion to file his amended complaint.

The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." However, the question raised by plaintiff's attempt to supplement and amend his complaint is whether a plaintiff, through the device of amending his complaint to state admiralty and maritime claims pursuant to Rule 9(h), may effectively withdraw his demand for a jury trial and not comply with the specific procedures set forth in Rule

---

[1] Fed. R. Civ. P. 9(h) provides:
> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292(a)(3).

2

39(a) for the withdrawal of such demands. [2] This question has been addressed by the Fifth Circuit in <u>Johnson v. Penrod Drilling Co.</u>, 469 F.2d 897 (5th Cir. 1972), on rehearing, 510 F.2d 234 (5th Cir. 1975), cert. denied, 423 U.S. 839, 96 S.Ct. 69, 46 L.Ed.2d 58 (1975) and <u>Rachal v. Ingram Corp.</u>, 795 F.2d 1210 (5th Cir. 1986).

> "In Johnson, the court concluded that a plaintiff could not unilaterally withdraw his jury demand in a Jones Act case brought also under diversity jurisdiction by later amending his complaint with a 9(h) statement of admiralty and maritime jurisdiction only. See 469 F.2d at 902-03. Rather, the court held that a plaintiff must employ the procedures in Rule 39(a), which require a party seeking to convert a jury trial to a non-jury trial to obtain the approval of all other parties or to move the court asserting that a right to jury trial does not exist. See id. at 903. In Rachal, on the other hand, the plaintiff not only did not plead diversity as a basis for federal jurisdiction, but rather a nondiverse defendant was named; hence, diversity jurisdiction did not exist. The plaintiff asserted his claim under the Jones Act and the general maritime law under Rule 9(h) and demanded a jury trial pursuant to the Jones Act's statutory grant to seamen to elect trial by jury, [FN1] the only possible basis for a jury trial in that case. The Fifth Circuit concluded that the plaintiff's later amendment, designating his suit as arising under Rule 9(h) only, was sufficient to constitute a withdrawal of his original jury demand without employing the procedures in Rule 39(a) required in Johnson. See 795 F.2d at 1213-17. The Rachal court distinguished Johnson because diversity jurisdiction in Johnson provided an independent basis for both parties to demand trial by jury, whereas the only right to a jury trial in Rachal arose under the plaintiff's Jones Act prerogative to elect trial by jury. See

---

[2] See <u>Woodard v. Diamond Offshore Drilling, Inc.</u>, 2000 WL 174889, *2 (E.D. La.) (Berrigan, J.), citing <u>Johnson v. Penrod Drilling Co.</u>, 469 F.2d 897 (5th Cir. 1972), on rehearing, 510 F.2d 234 (5th Cir. 1975), cert. denied, 423 U.S. 839, 96 S.Ct. 69, 46 L.Ed.2d 58 (1975).
   The Court notes that it is preferable to expressly invoke Rule 9(h) when electing to designate the action as one in admiralty. <u>T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.</u>, 702 F.2d 585, 587-88 (5th Cir. 1983), cert. denied, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed. 2d 141 (1983).

3

> id. at 1213. Thus, in Rachal, "because there was no diversity, [defendant] ... had no [Seventh Amendment] right to a jury trial. Any jury trial right that [defendant] may have [had] arose only because [plaintiff] demanded a jury trial."

Woodard v. Diamond Offshore Drilling, Inc., 2000 WL 174889, *2 (E.D. La.) (Berrigan, J.) at *2 (footnote omitted).

Defendant argues that it has an independent basis for a jury trial because diversity jurisdiction exists. Defendant cites the recent case of Woodard v. Diamond Offshore, supra, where a district court upheld the magistrate's denial of the plaintiff's motion to amend which sought to make a Rule 9(h) election.

In Woodard, the plaintiff's original complaint alleged Jones Act and general maritime law jurisdiction pursuant to 46 U.S.C. §688 and 28 U.S.C. §1332. The plaintiff in Woodard did not specifically invoke diversity jurisdiction in the complaint, but the complaint set forth that the plaintiff was a Mississippi domiciliary and that defendant, Diamond Offshore Drilling, was a foreign corporation. The plaintiff specifically prayed for a jury demand in the complaint and the defendant's answer also asserted a jury demand. In the plaintiff's first supplemental and amended complaint, the demand for a jury trial was reiterated and the defendant's answer again asserted a demand for a jury trial. In a second supplemental and amended complaint, a second defendant, alleged to be a foreign corporation, was added and the original prayer and demand for a jury trial was again asserted. The defendants' answer again contained a jury trial request. The Court found that although the plaintiff did not specifically invoke diversity jurisdiction, he did state the domicile of each party in both the original and the second supplemental complaints which demonstrated that

diversity of citizenship existed in fact. <u>Woodard</u>, at *3. Judge Berrigan distinguished <u>Woodard</u> on that basis and she also noted that the defendants in the case before her had continued to request a jury trial.

In this case, the plaintiff has not asserted diversity of citizenship as a basis for jurisdiction and defendant, therefore, has no independent right to a jury trial. In his complaint, plaintiff specifically alleged this Court's jurisdiction pursuant to the Jones Act and general maritime law.[3] The complaint states that plaintiff is a domiciliary, not a citizen, of Mississippi and that defendant is "a foreign corporation,[4] authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court." As plaintiff urges in its reply memorandum, "[n]owhere in the pleadings filed by the plaintiff or the defendant is there any indication of the domicile of the defendant, or a reliance upon diversity jurisdiction."

The Court finds that this case is factually distinguishable from <u>Woodard</u> for two reasons. First, unlike the situation in <u>Woodard</u>, the defendant in this case did not demand a jury trial in its answer.

Second, the Court also notes that 28 U.S.C. §1332(c)(1) states in pertinent part:

---

[3]Paragraph one of the original complaint states that, "[t]his is an admiralty and maritime claim being brought pursuant to Section 33 of the Merchant Marine Act, more commonly known as the Jones Act (46 U.S.C. Section 688) and the General Maritime Law for unseaworthiness and for wages, maintenance and cure."

Paragraph two of the original complaint states that, "[j]urisdiction of this action is based upon the Federal Admiralty and Maritime Jurisdiction pursuant to the Constitution of the United States, the Jones Act, and the General Maritime Law, as hereinafter more fully appears."

[4]The allegation that defendant is a "foreign" corporation is meaningless for the purpose of determining its citizenship under the diversity statute.

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business

Section 1332 enumerates the allegations necessary to invoke diversity jurisdiction in a case involving a corporate party. See Nadler v. American Motors Sales Corp., 764 F.2d 409 (5th Cir. 1985). Fed. R. Civ. P. 8(a)(1) requires that a pleading set forth facts sufficient to establish a jurisdictional basis. "Thus, 'allegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation....These rules are straightforward, and the law demands strict adherence to them.'" Id at 413 (citations omitted).[5] In this case, plaintiff never alleged either the defendant's place of incorporation or defendant's principal place of business, a distinction not discussed in Woodard. Therefore, diversity jurisdiction has not been pled in this case and its existence cannot be assumed from the vague allegations contained in the complaint.

The Court further considers that this is plaintiff's first request to amend the complaint. Plaintiff moves the Court to allow a bench trial because after discovery and plaintiff's medical treatment progressed, plaintiff realized that "significant savings in costs and expenses will be realized by his being able to present medical testimony by paper deposition to a court sitting without a jury, rather than by the infinitely more complicated and expensive electronic methods which are generally more desirable in

---

[5]In Molett v. Penrod Drilling Co., 872 F.2d 1221, 1227 (5th Cir. 1989), an admiralty case, the Fifth Circuit found the diversity allegations raised by plaintiffs to be defective because they did not identify the states of incorporation of the defendant corporations or their principal places of business.

a jury context."[6] The Court also recognizes that the proposed amendment comes before the deadline to amend pleadings. Accordingly, the Court finds that this is not a situation where the request comes late in the proceedings or the request will cause prejudice to the defendant or affect the defendant's orderly preparation for trial. See Adams v. Falcon Drilling Co., Inc., 1998 WL 195981 (E.D.La) (J. Duval).

For the abovementioned reasons,

IT IS ORDERED THAT plaintiff's motion is GRANTED.

_____
LANCE M. AFRICK
UNITED STATES MAGISTRATE JUDGE

---

[6]Plaintiff's Supplemental Memorandum in Support of Motion to Amend Complaint, page 4.